MALVERN NATIONAL BANK, Appellee, v. HANNAH A. SWAIN
et al., Appellants.

RECEIVERS: Appointment—Estoppel.  A mortgagee who consents to
the appointment of a receiver in foreclosure proceedings in which the
court would not otherwise have made the appointment may not, on
change of mind, recover of the receiver funds properly applied by him.

. Headnote 1:   27 Cyc. p. 1633 (Anno.)

*Appeal from Mills District Court.*—W. C. RATCLIFF, Judge.

APRIL 5, 1927.

Action in equity, to foreclose a mortgage, in which a re-
ceiver was appointed who took charge of a quantity of corn
gathered and on the premises in December, 1924. The corn was
sold, and the proceeds applied to the payment of taxes, interest
on the first mortgage, and expense of shelling and marketing the
corn.    This appeal is from the refusal of the court to require
the receiver to account and pay over to the defendant the full
proceeds of the sale of the corn.—*Affirmed.*

*C. E. Dean* and *Cook, Cook & Cook,* for appellants.

*D. E. Whitfield* and *W. S. Lewis,* for appellee.

STEVENS, J.—On November 28, 1924, appellee filed a peti-
tion in the district court of Mills County against appellant and
I. J. Swain, her husband, asking judgment on five promissory
notes, aggregating $16,330.21, and praying the foreclosure of a
mortgage executed to appellees to secure the payment thereof.
I. J. Swain died December 2d.  Just when he was served with
original notice of the action is not disclosed by the record.  Ap-
pellant claims that no notice was ever served on her, but she
admitted that she knew of the foreclosure proceedings and that
a notice had been served upon her husband.  The mortgage
pledged the rents, income, and profits of the mortgaged prem-
ises as security for the indebtedness, and also provided for the
appointment of a receiver if action was commenced to foreclose

it. A receiver was appointed, upon a stipulation entered into between the appellant and appellees on December 31, 1924. The receiver took possession of a quantity of corn and some alfalfa hay, which he sold, receiving in the aggregate $2,969.76 therefor. Out of this amount he paid taxes, interest on the first mortgage, and a few items of necessary expense. This left in his possession $223.62, $100 of which the court, upon hearing of the application involved in this controversy, permitted him to retain; and the balance was turned over to appellant.

On or about November 2, 1925, appellant filed an application in the district court for the removal of the receiver, and to require him to account to her for all funds received by him. The report of the receiver was filed February 10, 1926. The receiver, upon final hearing, was discharged, with the result already stated.

It appears that the mortgage of appellee is junior and inferior to a mortgage in favor of Annis & Rohling for $33,000. The record does not disclose whether judgment has been entered against appellant in this action, or execution issued therein.

The sole contention of appellant upon this appeal is that the mortgage did not cover the corn and hay sold by the receiver, and that same was sold by him without authority. The good faith of appellee's attorney in the proceedings is also questioned. It appears that he represented appellant at the time the stipulation for the appointment of the receiver was signed, in the matter of her husband's estate. Appellant testified that she did not at that time know that he was also attorney for appellee in the foreclosure suit. She also testified that he stated and represented to her that the appointment of a receiver was necessary, and that, unless it could be made upon stipulation, he would have to present the application to a judge at some other point, as court would adjourn at Glenwood in another day. An adult son of appellant's and his wife were present at the time the stipulation was discussed. Appellant did not sign it until the succeeding day. In the meantime, she consulted another son, who also talked the matter over with the attorney in question. Two names were suggested to appellant, and she selected V. A. Summers, who was appointed.

It may be assumed, we think, under the facts disclosed by the record, that the court would have declined to appoint a re-

ceiver, had proper resistance been made to the application therefor. The corn was gathered in cribs or in piles in the field when the receiver was appointed. We deem it unnecessary to determine whether or not the mortgage was a lien upon the corn and hay sold. No claim is made that the price at which it was sold was inadequate, or that proper accounting was not made of the full amount received. The stipulation signed by appellant authorized the receiver to apply the proceeds of the rents and income from the place to the payment of taxes and interest on the mortgages. She must have known that the receiver had taken charge of the crop and sold it. When notice was received from the holder of the first mortgage, it was delivered to him by one of her sons, to be looked after by him. The evidence is not sufficient to show bad faith in the transaction, although we may agree that a receiver should not have been appointed. Certain it is that the receiver acted in good faith, and, no doubt, with the knowledge, if not affirmative consent, of appellant. The payment of taxes on the mortgaged premises and of interest on the first mortgage was necessary, to prevent foreclosure thereof. The evidence tends to show that appellant is able to redeem the land from execution sale, if same shall be so sold.

In the absence of some showing of prejudice to appellant, the court would not have been justified in requiring the receiver appointed upon the written consent and stipulation of appellant to account to her for the money coming into his possession. It had, prior to the filing of the application, been already disbursed by him, in evident good faith, in the payment of taxes on the land, interest on the first mortgage, and necessary expenses. She has not, in our opinion, established her right to the relief sought. Even if it were conceded that the mortgage was not a lien upon the crops in question, the judgment against the receiver, under the facts and circumstances of this case, would not be equitable. The order and judgment appealed from is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.